THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
NO. 3:10-CV-87

| | |
|---|---|
| Conbraco Industries Inc., | ) |
|     Plaintifff/ Counter-Defendant, | ) |
| v. | ) ORDER |
| Elmco & Associates Inc., | ) |
|     Defendant/ Counter-Plaintiff. | ) |

**THIS MATTER** is before the Court on Defendant's Motion to Consolidate pursuant to Rule 42 (a) of the Federal Rules of Civil Procedure. For reasons explained below, Defendant's motion is **GRANTED**.

I. Background:

This action arises out of a contractual dispute between Plaintiff Conbraco Industries, Inc. ("Conbraco") and Defendant, Elmco & Associates Inc. ("EA"). Conbraco has alleged claims for breach of contract and declaratory judgment arising from a Sales Representative Agreement ("SRA") entered into by the parties in February of 2007 in which EA acted as Conbraco's independent sales representative for northern California. Conbraco terminated the SRA in November of 2009. EA has counterclaimed, asserting that the parties' relationship is governed by a Memorandum of Agreement ("MOA") which modified and/or supplemented the 2007 SRA such that it could not be terminated prior to the expiration of a three year minimum term.

Conbraco seeks to consolidate this case with *Conbraco Indus. Inc. v. Elmco/Duddy Inc.*, 3:09-cv-00548. *Conbraco Indus. Inc. v. Elmco/Duddy Inc.* likewise arises out of a contractual dispute stemming from a Sales Representative Agreement entered into by Conbraco and EA's

1

sister corporation, Elmco/Duddy, Inc. ("Duddy"), in which Duddy acted as Conbraco's sales representative for southern California. Conbraco terminated the agreement and Duddy disputed Conbraco's right to do so based upon the same MOA in dispute in the present case.

II. Discussion:

Rule 42(a) of the Federal Rules of Civil Procedure states: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). Consolidation "is permitted as a matter of convenience and economy in administration, [but] does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Intown Properties Mgmt. Inc. v. Wheaton Van Lines*, 271 F.3d 164, 168 (4th Cir. 2001). When exercising its discretion to consolidate cases, the district court should:

> [w]eigh the risk of prejudice and confusion versus the possibility of inconsistent adjudication of common factual and legal issues, the burden on the parties and witnesses, and judicial resources by multiple lawsuits, the length of time required to try multiple suits versus a single suit, and the relative expense required for multiple suits versus a single suit.

*In re Cree, Inc. Sec. Litig.*, 219 F.R.D. 369, 371 (M.D.N.C. 2003) (citing *Arnold v. Eastern Air Lines*, 681 F.2d 186, 193 (4th Cir. 1982)).

Common factual and legal issues exist between these two cases, specifically, whether the parties agreed at a January 15, 2008 meeting and subsequently via the MOA that EA and Duddy would each serve as independent sales representatives for Conbraco for a minimum three-year term, and whether Conbraco breached the parties' respective SRAs and/or the MOA by terminating the parties' relationships prior to the expiration of that term. The counterclaims in

both cases involve the MOA and whether it modified the SRA.  Separate trials could lead to inconsistent conclusions as to the effect of the MOA.

Furthermore, the burden on the parties and witnesses and judicial resources of multiple lawsuits, the length of time required to try multiple suits versus a single suit, and the relative expense required for multiple suits versus a single suit all indicate that consolidation is proper.  Many of the same witnesses will need to testify in both actions if they are not consolidated.  A single trial avoids repetition and saves both the Court's time and the parties' time.

IT IS THEREFORE ORDERED that Defendant's Motion to Consolidate is hereby **GRANTED** and this case is consolidated with Case No. 3:09-cv-00548 before Judge Frank Whitney.

Signed: July 13, 2010

Graham C. Mullen
United States District Judge